IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



ERICA KELLEY,

    Plaintiff *pro se*,

v.

CHILDREN'S HEALTHCARE OF
ATLANTA INC.,

    Defendant(s).

CIVIL ACTION FILE NO.
**1:22-CV-5046**
JURY TRIAL DEMANDED

## PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT

COMES NOW Plaintiff, Erica Kelley ("Kelley"), Pro Se, and files this religious discrimination complaint against Defendant Children's Healthcare of Atlanta Inc. ("Defendant"), ("CHOA"), and states as follows:

### I. JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Count I of this complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e), et seq. ("Title VII").

1

2. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights,* Ex. 1.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4. Plaintiff is a citizen of the United States and a current resident of Lee County, Alabama.

5. Children's Healthcare of Atlanta Inc. has continuously been a corporation doing business in the state of Georgia and the City of Atlanta and has continuously had at least 15 employees.

6. Defendant is a Domestic, Non-Profit healthcare system with a principal office located at 1575 NE Expressway NE Atlanta, Georgia 30329-2317.

7. This court has jurisdiction over the parties because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

8. Defendant CHOA Inc. may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CSC of Cobb County, Inc., 192 Anderson St. SE, Suite 125, Marietta, Georgia 30060.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is female.

11. Plaintiff began working with Defendant Children's Healthcare of Atlanta, on or around October 8, 2013.

12. During all times relevant to this Complaint, Kelley was employed by Defendant CHOA as a Pharmacy Technician.

13. Since at least November 2021, Defendant has engaged in unlawful employment practices in violation of Title VII.

14. Kelley is a member of a Fundamental Baptist Movement of Christianity and a member of a home-based congregation where her husband is an ordained minister.

15. Kelley received no indications of an unsatisfactory performance during her employment with Defendant.

16. In or around June 2013 Kelley converted from Missionary Baptist to a follower of the Holiness Movement. In or around May 2020 Kelley converted to an Independent Fundamental Baptist.

17. Due to Kelley's sincerely held religious beliefs and degree of adherence Plaintiff ceased receiving all vaccinations the latter months of 2020.

18. Upon returning from maternity leave on or around October 16, 2021, Kelley discussed sincere religious objections to mandatory requirements for vaccines with coworkers and team leads within her department.

19. On or around November 9, 2021 Kelley received news that Covid 19 vaccinations would soon be mandatory for healthcare workers and requested information to apply for a religious exemption for all vaccines.

20. Kelley was informed by the Medical Receptionist in Employee Health on or about November 9, 2021 that proof of receiving an influenza vaccine was due, and Plaintiff had missed the deadline to apply for religious exemptions.

21. Kelley submitted a religious exemption request November 9, 2021.

22. Kelley received an email from Manager of Employee Health at CHOA November 12, 2021 requesting further information regarding Plaintiffs religious objections to influenza vaccine as well as a phone call to further discuss.

4

23. Kelley submitted further documentation November 12, 2021, along with contact information to further discuss Plaintiff's religious objections to vaccines.

24. The Employee Health Manager never called Kelley to clarify specific documentation needed for further consideration.

25. Kelley received an email denying the religious exemption November 26, 2021.

26. Kelley contacted Manager of Employee Health at CHOA, November 26, 2021 to request an appeal to decision for denial of religious exemption.

27. On or around December 10, 2021 appeal for reconsideration was denied due to lack of supporting documentation from a clergy or religious organization.

28. The Manager of Employee Health did not request additional information from a clergy, pastor or religious organization in notice requesting additional documentation.

29. Kelley was told that supporting documentation submitted which included religious exemptions for vaccinations for all eight of her children along with all Biblical references to support her religious beliefs were not enough.

30. Kelley alleges that requirement for documentation from a clergy or pastor is absent on Children's Healthcare Policy No. 9.31 of Administrative and Operational Policies and Procedures for employees.

31. Manager of Employee Health along with Kelley's Pharmacy Manager offered an alternative form of vaccine to Plaintiff numerous times despite Kelley's religious objections to be vaccinated.

32. On or about December 27, 2021 Defendant discharged Kelley because of her failure to obtain the flu vaccination.

33. Prior to her termination, Kelley requested a religious accommodation from Defendant's mandatory Covid-19 vaccination policy and submitted similar information that was submitted for the influenza vaccination accommodation November 22, 2021.

34. Kelley was approved for the Covid-19 vaccination religious exemption request December 1, 2021.

35. Defendant failed to follow their own influenza policy disciplinary procedures with regards to firing Kelley.

36. Defendant did not offer Kelley a reasonable accommodation for the conflict between their flu vaccine policy and Kelley's sincerely held religious beliefs.

37. Providing an accommodation of granting a flu vaccine exemption to Kelley would not have placed an undue burden on Defendant.

38. Plaintiff's position within the department confined her to an area where she worked alone, away from patients and families.

39. Defendant has no legitimate reason for approving the COVID-19 religious accommodation and denying the flu vaccine accommodation within five days of one another.

40. Defendants have no legitimate business reason for the adverse actions taken against Plaintiff.

41. The practices exercised by the Defendant were done intentionally without regard to Kelley's federally protected rights.

42. The effects of the practices put forth by the defendant deprived Kelley of equal opportunities and otherwise adversely affected her status as an employee due to her religion.

## CLAIMS FOR RELIEF

## COUNT I: TITLE VII RELIGIOUS DISCRIMINATION

43. Plaintiff reasserts and incorporates Paragraphs 1 through 42 of this Complaint as fully set forth herein.

44. Plaintiff is a member of a protected class by virtue of her religion.

45. Defendant was aware of Plaintiff's religion.

46. Plaintiff had a bona fide religious belief that conflicted with an employment requirement.

47. Plaintiff informed Defendant that she was not able to participate in annual influenza vaccination requirement and was terminated due not adhering to vaccination policy.

48. Defendant refused to reasonably accommodate and ultimately terminated Plaintiff after approving religious exemption request for a federally mandated COVID vaccine requirement within 5 days of denial for influenza vaccine exemption.

49. Defendant refused to follow written policies and procedures in accordance with requests for admissible additional documentation required for religious accommodations.

50. Defendant has no legitimate reason for denying Plaintiff's requests for accommodations.

51. Defendant has no legitimate business reason for the adverse actions taken against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Order Defendant to institute and carry out policies, programs, procedures and practices which provide equal employment opportunities for employees with sincerely held religious beliefs.

b. Order Defendant to make Kelley whole by providing neutral employment reference in lieu of termination of employment.

c. Order Defendant to make Kelley whole by providing compensation for past and future non-monetary losses resulting from unlawful employment practices described above, including emotional pain and suffering.

d. Punitive damages; and

e. Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 22th day of December, 2022.

_Erica Kelley_
Erica Kelley, *pro se*
1579 Emily Ave.
Auburn, AL 36830
mseakell@gmail.com
404-721-7727

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: September 26, 2022

To: Mrs. Erica Kelley
1579 Emily Ave
AUBURN, AL 36830

Charge No: 410-2022-02126

EEOC Representative and email:   VICTOR MARTINEZ
Federal Investigator
victor.martinez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-02126.

On behalf of the Commission,

/for Bradley A. Anderson
District Director